IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-53 |
| | ) | |
| RAYNARD DAVIS, MICHAEL JEFFERSON, | ) | (VARLAN/SHIRLEY) |
| DARNELL HOUSTON, | ) | |
| VEREDA DESIREE RAITERI, | ) | |
| GAVIN RAITERI, STACY HURLEY, | ) | |
| SHERRI ANN STOUFFER, | ) | |
| JESSIKA RUCKER, ENRICO HAWKINS, | ) | |
| MARQUIS LOVE, CALVIN STRICKLAND, | ) | |
| HORACE JOHNSON, JR., and | ) | |
| CURTIS LEBON ROSS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 3, 2010, for an arraignment, scheduled pretrial conference, and motion hearing. Assistant United States Attorneys David P. Lewen and Alexandra Hui appeared on behalf of the Government. Attorney John Sanford Young, II, represented Defendant Vereda Desiree Raiteri. Attorney Michael P. McGovern represented Defendant Gavin Raiteri. Attorney Mike Whalen was present representing Defendant Marquis Love. Attorney T. Scott Jones represented Defendant Calvin Strickland. The two Defendants Raiteri, Defendant Love, and Defendant Strickland were also present. Attorneys Steven G. Shope, Eric M. Lutton, and Michael B. Coleman were present without their clients, who were

1

excused from the hearing, having already been arraigned on the Second Superseding Indictment [Doc. 107]. The remaining Defendants have already entered into signed plea agreements and were permitted to file Rule 10 waivers [Docs. 136, 137, 140, 141, 143, and 145]. These Defendants, along with their counsel, were also excused from the hearing.

Following the arraignment of Defendants Gavin Raiteri, Love, and Strickland, the Court addressed the matter of the August 16 trial date. On July 19, 2010, Defendant Jessika Rucker filed a Motion to Continue [Doc. 111] the trial, but she has a signed plea agreement and is presently scheduled to enter into a guilty plea. Moreover, neither she nor her counsel were present to pursue the motion at the August 3 hearing. Accordingly, the Court finds her motion to be moot.

Defendant Ross filed a Motion to Continue Trial and All Deadlines [Doc. 114] on July 22, 2010. The motion states that his counsel was appointed on July 21, 2010, at which time he received a portion of discovery, consisting of fifty-one CD's and DVD's. Because of the voluminous discovery involved in this case, which is alleged to have taken place in multiple jurisdictions, the Defendant seeks additional time for his attorney to investigate the case, prepare pretrial motions, and prepare for trial. At the August 3 hearing, Attorney Coleman moved to continue the August 16 trial on behalf of Defendant Ross. The Government did not object to the requested continuance, confirming that eight telephones had been wiretapped and that discovery involved fifty-seven to seventy CD's and DVD's of evidence. None of the other Defendants objected to the continuance. Attorney Young requested additional time to file pretrial motions on behalf of Defendant Vereda Desiree Raiteri. Attorney McGovern noted that the Government had provided additional discovery after the expiration of the motion-filing deadline. The parties agreed to a new trial date of December 14, 2010, and that a five-month continuance was appropriate in this

case.

The Court agrees with the need for a continuance of the trial and finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that the amount of discovery to be reviewed is voluminous. Counsel, especially counsel for those Defendants who have recently entered the case, need time to review the discovery and to prepare pretrial motions. The Court will then need time to conduct a hearing on any pending motions and time, not to exceed thirty days, to rule upon the motions and/or to prepare report and recommendations. See 18 U.S.C. § 3161(h)(1)(D) & -(H). The parties will need time to file any objections, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties will need time to prepare for trial in light of the rulings on any motions and objections. The Court finds that all of this could not take place before the August 16, 2010 trial date or in less than five months. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

With regard to those Defendants who did not request additional time to review discovery or to file motions and/or who have signed plea agreements in this case, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).[1] Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48

---

[1] Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7). Congress renumbered this section, effective October 2008, without changing its language.

(6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In the present case, the thirteen Defendants are jointly indicted, and no motion for severance has been filed. The Court finds that the five-month delay caused by the need for adequate trial preparation to be reasonable. Accordingly, this delay is also attributable to those Defendants not proceeding to trial. 18 U.S.C. § 3161(h)(6).

Accordingly, the Defendant Ross's Motion to Continue Trial and All Deadlines [**Doc. 114**] is **GRANTED**, and the trial of this matter is reset to **December 14, 2010**. The Court also finds that all the time between the August 3, 2010 hearing and the new trial date of December 14, 2010, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(H), -(h)(6), & -(h)(7)(A)-(B). With regard to further scheduling, the Court set a deadline of **September 3, 2010**, for the filing of all pretrial motions. Responses are due on or before **September 17, 2010**. The parties are to appear for a pretrial conference and motion hearing on any pending motions on **October 1, 2010, at 9:30 a.m.** The plea negotiation deadline is **November 15, 2010**. The Court instructs the parties that all motions *in limine* must be filed no later than **November 29, 2010**. Special requests for jury instructions shall be submitted to the District Court no later than **December 3, 2010**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Finally, the Court also addressed Defendant Gavin Raiteri's Motion to Exclude Evidence of Video Surveillance Tapes [Doc. 113], filed on July 20, 2010. Attorney McGovern informed the Court that the discovery at issue in that motion had now been provided by the Government. Accordingly, the motion [**Doc. 113**] is **DENIED as moot**.

4

Accordingly, it is **ORDERED**:

(1) Defendant Jessika Rucker's Motion to Continue [**Doc. 111**] is **DENIED as moot**;

(2) Defendant Curtis Ross's Motion to Continue Trial and All Deadlines [**Doc. 114**] is **GRANTED**;

(3) The trial of this matter is reset to commence on **December 14, 2010**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) All time between the **August 3, 2010** hearing, and the new trial date of **December 14, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) All pretrial motions must be filed on or before **September 3, 2010**;

(6) Responses to pretrial motions are due on **September 17, 2010**;

(7) A pretrial conference and motion hearing is set for **October 1, 2010, at 9:30 a.m.**;

(8) The deadline for concluding plea negotiations is **November 15, 2010**;

(9) Motions *in limine* must be filed no later than **November 29, 2010**;

(10) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **December 3, 2010**; and

(11) Defendant Gavin Raiteri's Motion to Exclude Evidence of Video Surveillance Tapes [**Doc. 113**] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge